ELECTRIC PARK AMUSEMENT COMPANY, PLAINTIFF-APPELLEE, v. NICHOLAS P. PSICHOS, DEFENDANT-APPELLANT.

Submitted March 21, 1912—Decided July 6, 1912.

1. The appellant sought to prove the rental value of certain stands in an amusement park, leased by the plaintiff to the defendant, by a witness who admitted that he had no knowledge whatever of the rental value of such stands in the locality where they were situated, whereupon the court interposed an objection that the witness was not competent to give such testimony (the plaintiff having failed to interpose any objection), and overruled the question propounded to the witness, by the appellant, as to the rental value of such stands. *Held*, that the interposition by the court, on its own motion, and its overruling the question did not thereby deprive the appellant of any substantial right to which he was entitled.

2. Where a witness is called to give expert testimony, the question whether he is so qualified is a preliminary one for the court to decide, and counsel cannot, by either express or implied waiver of proof of such qualification of the witness, deprive the court of its prerogative to pass upon the competency of such witness to give expert testimony, and to require that his qualifications to testify as such expert should be first established.

On appeal from the First District Court of the city of Newark.

Before Justices BERGEN, VOORHEES and KALISCH.

For the appellant, *Thomas L. Raymond.*

For the appellee, *Paul G. Roder.*

The opinion of the court was delivered by ·

KALISCH, J. This case was tried before the court without a jury. From the state of the case, as settled by the court, it appears that an action was brought by the plaintiff to recover $500 from the defendant, alleged to be the balance due it on a lease existing between the plaintiff, lessor, and the defendant, lessee.

The lease contained this description of the demised premises: "Stands as always used with two additional stands in the new addition, which lessee must build himself."

It appeared that the words "stands as always used" referred to three stands in the old part of the park.

The defendant sought to recoup damages against the rent upon the ground that the plaintiff refused to permit him to erect two stands in the new addition, thereby claiming that there had been an eviction. The trial judge found as a fact from the evidence, "that the plaintiff had never interfered with the defendant in any way in his exercising the rights under the contract *Exhibit P-1,* and that he had given him every facility to obtain the benefit of the contract, had erected the three stands in the old part of the park and could at any time have erected the two stands in the new part of the park if he so desired," &c.

As a part of the defendant's case the defendant sought to show the rental value of certain stands in the park, which undoubtedly would have been a matter of material inquiry if defendant's proofs had tended to establish that there had been an eviction by the plaintiff. In order that the defendant

should succeed in his defence, it was incumbent upon him to establish an eviction.

The court found, as a fact, that there was no eviction, by which finding we are bound, there being testimony to support such a finding.

The insistence, on the part of the appellant, is that the judgment should be reversed because the court excluded the testimony of a witness, called by the defendant, as to the rental value of the rights mentioned in the lease, of which the plaintiff alleged he was deprived by the defendant.

The question put to the witness was not objected to by the plaintiff's attorney, but an objection was interposed thereto by the court and the witness precluded from answering it on the ground that he had not qualified so as to be able to testify to the rental value. The witness was then examined as to his qualifications and it appeared that the only experience the witness had in renting stands was in Bronx Park, in the city of New York. The question was then repeated by counsel for defendant and overruled by the court, and an exception was taken. This witness was then asked what offers he had made him to purchase from him the privileges mentioned in *Exhibit P-1,* and how much had been offered, to which the court interposed an objection and overruled the question, to which ruling an exception was taken.

The appellant's contention is, that the trial judge, by interposing his own objections and overruling the questions, when no objections were made by the plaintiff, deprived the appellant of a substantial right which he had to introduce the testimony. The theory of appellant's counsel seems to be that the fact that plaintiff's counsel made no objection to the lack of qualification of the witness to testify as an expert, and made no objections to the questions put to the witness, operated as a waiver by the plaintiff of any and all objections to the competency of the witness and to the competency, materiality and irrelevancy of the testimony of such witness; and that, therefore, the court had no legal right to interpose its objections to the questions put by the appellant's counsel against such tacit consent.

The cases cited by counsel for appellant in support of his contention and theory are not strictly applicable to the situation which presented itself to the trial court in the present case.

In the case *sub judice* the effort was made to establish a fact by opinion evidence. The indisputable rule of law governing the admission of expert testimony, is that the person called upon to give such testimony must first establish that he has such special knowledge of the subject in controversy between the parties that qualifies him to give an opinion.

It is undoubtedly true that such qualification may be waived by the parties, by express stipulation or by not objecting to the testimony when offered. But it is an equally well established rule of law that the question whether a witness is duly qualified to give expert testimony is a preliminary question for the court to decide. We are not prepared to say that this prerogative of the court may be waived by the parties against the consent of the court.

In the case of *Rowland* v. *Rowland,* 13 *Stew. Eq.* 281, relied on by the appellant to sustain his contention, it appears that there was a decree in favor of the administrator, in a suit to foreclose a mortgage given by Rowland and wife to the decedent. The testimony was taken before a master and Rowland testified without any objection being made to transactions with and statements by the deceased mortgagee. A motion was afterwards made to suppress it and it was suppressed. The Court of Errors and Appeals, in an opinion by Mr. Justice Reed, on page 283, said: "That parties may be witnesses is now the settled policy of the state. The exception engrafted upon the general competency of all parties, that where one is dead and is represented in the suit, then the living party shall not be permitted to testify, is only a regulation to secure mutuality in the action itself. The admission of such testimony affects no one but the parties and none but the parties are interested in the exercise of the power given to exclude this testimony." It is to be observed that the testimony admitted was evidential, and that the bar interposed to its ad-

missibility which was for the benefit of the parties interested could be waived by the act of the parties.

And on page 282, the learned justice said: "But testimony to be subjected to such judicial excision must be such as would be incompetent upon one of the grounds included by legal writers upon evidence among classes of testimony excluded from reasons of public policy."

Now this is not meant to be a narrow public policy, but a broad one which will meet all the exigencies that a proper administration of justice may require.

The case of *Berryman* v. *Graham*, 6 *C. E. Gr.* 370, which appellant cites as supporting his contention, does not seem applicable to the case under review.

We have not been referred to any case which holds that a court may not on its own motion object to the competency, materiality or relevancy of a question put to a witness, and either overrule it or admit it. We think it may do so. As a matter of course, the party prejudicially affected by the ruling of the court is entitled to an exception. And undoubtedly where it is within the power of the parties to agree to waive the incompetency of a witness, this may be done. But it seems to us that an entire different question is presented when the witness produced to be sworn is to give opinion evidence. We think since the qualification of the witness to give such testimony is one to be passed upon by the court, it may not be waived by the consent of the parties without the consent of the court. To adopt any different rule would produce much mischief in the trial of causes, in that, witnesses who were wholly incompetent to give opinion testimony on matters for which they were called, by reason of lack of qualifications, could be called upon by counsel on either side *ad libitum* and against the will of the court, and thus the trial be protracted by the introduction of worthless testimony, and to the inconvenience and delay of other litigants waiting to have their causes tried.

Every practitioner is aware how easily and in what great quantity opinion evidence is obtainable in every branch of profession or trade, and the use that can be made of it, and

it is a salutary rule, that requires the competency of such witnesses to be first passed upon by the court, and public policy requires that this power reposed in the court should not be ignored by the consent of the parties against the consent of the court.

In an orderly and efficacious course of legal procedure due regard must be had to the fundamental principles governing the law of evidence, in order to prevent chaos in the trial of causes and to attain substantial justice. It is, therefore, clearly against the policy of the law that the legal principles which control the admission or rejection of testimony should be subject to be waived by consent of the litigants, without the consent of the court. For it is self-evident that by such a method of procedure testimony not evidential of any fact in a cause, or which is expressly forbidden by reasons of public policy could be introduced, and the trial of the cause unnecessarily protracted and the record encumbered with testimony which the court must finally instruct the jury to disregard. From a discriminatory examination of the cases referred to by the appellant, it is made clear that where the objection goes to the competency of a witness by reason of his personal *status* to give testimony, such testimony otherwise being evidential of some fact pertinent to the issue being tried, a waiver of such incompetency may arise from an express or implied consent of the parties, which the court would be legally obligated to sanction unless there were reasons of public policy which forbade it.

We find numerous examples in the books that confirm the extent of the rule laid down. Thus, formerly a person was disqualified from testifying if he had an interest in the cause in which he was called to testify. Undoubtedly such incompetency could be waived by express or implied consent of the parties to the litigation. And it was upon this theory that it was held by our courts that testimony coming from such a witness without objection could not be subsequently struck out. A familiar example to which the above rule would be strikingly applicable is an action or suit for or against the estate of a deceased person where by consent of the parties,

either express or implied, the incompetency of a party in interest to testify to transactions with or statements by the deceased is waived.

In the case before us it appears from the admission of the witness that he had no special knowledge on the subject on which he was asked to express his opinion, and therefore any opinion expressed by him under such circumstances would not have been entitled to any consideration whatever. The mere consent of counsel that he might be permitted to express an opinion without a proper foundation having been first laid to make such an opinion evidential, cannot make it so.

It may very well be that after the testimony is in without objection that it should not be struck out, simply upon the ground of its incompetency, but there is a wide difference in the action of a court in striking out testimony which under the rules of law, upon objection, should have been excluded, and where the court makes the objection at the time when such testimony is offered and upon its own motion excludes it.

The true reason of the rule, that testimony already in, although subject to have been ruled out on the ground of incompetency, if it had been objected to by counsel, should not be struck out, springs from the implied consent of counsel and court to its admission and to prevent unfairness, in that, if the counsel offering the testimony were made aware of the objection to the testimony at the time, he would have had an opportunity to cure it.

And in the cases of *Rowland* v. *Rowland, supra,* and *Berryman* v. *Graham,* 6 *C: E. Gr.* 370, cited by counsel to support his contention, proceeded upon the ground that the testimony was in without objection and therefore should not be struck out, upon the ground that it was incompetent, as such incompetency could have been waived by counsel and no objection having been made to the testimony coming in, it must be deemed that its incompetency was waived. But no such situation is present in the case *sub judice.* The question put to the witness was met at once with an objection from the court, and counsel was at once apprised of the ground of the objection and therefore had an opportunity to qualify the witness

to give such testimony, if it could be done. We think the court was warranted in overruling the question.

Now, as to the second question, which was put to the witness, what offers had been made to him to purchase from him the privileges mentioned in the lease, and how much had been offered, was incompetent upon the issue between the parties. It was of no evidential value, because an offer is not evidence of value unless accepted, and the court was not bound to let the introduction of such testimony go in unchallenged, because counsel for the plaintiff made no objection thereto.

In another aspect of the case, even if it were assumed that the court was not legally justified in excluding the testimony offered by the defendant, it does not appear how, under the state of the case before us, he was in anywise injured or prejudiced thereby. The testimony offered tended to establish the damages which the defendant claimed he had sustained by reason of the plaintiff not having fulfilled his contract and for interfering with the defendant's rights under the contract between them, so as to offset the same against the rent sued for. But the judge having found as a fact from the evidence before him that the plaintiff had never interfered with the defendant, in any way, in his exercising the rights under the contract, and that the plaintiff had fully complied with the contract, it clearly follows that in no view of the case did the appellant suffer any injury or prejudice by reason of the action of the court in overruling the testimony. The court having found that there was no eviction, therefore any error committed by the court in reference to the proof tending to establish damages would be inconsequential and not affect the result.